JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| MARIA IRENE | ) | CASE NO: 09-17552 MKN |
| ALMANZA-OLIVARES | ) | |
| | ) | DATE: July 16, 2009 |
| Debtor. | ) | TIME: 3:30 p.m. |
| | ) | |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF AMERICAN HOME SERVICING, LLC PURSUANT TO 11 U.S.C. § 506(a) and 1322 §**

COMES NOW, Debtors, Maria Irene Almanza-Olivares (hereinafter "Debtors"), by and through their attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and move this Court to modify the rights of American Home Servicing, LLC pursuant to 11 U.S.C. § 506(a), and § 1322, and Bankruptcy Rules 3012 and 9014.

In support of this Motion, the Debtors assert the following:

1. Debtors filed the instant Chapter 13, Case Number 09-17552 on May 11, 2009.

2. On the petition date, Debtors owned real property located at 2308 Pariva Street, Las Vegas, Nevada 89115 (hereinafter the "Subject Property").

3. The value of the Subject Property is $85,500.00 (See Bankofamerica.cyberhomes.com estimate of property value attached hereto as Exhibit "A").

4. At the time of the filing of Debtors' petition, the Subject property was subject to the following liens:

| | | |
|---|---|---|
| Countrywide Home Loans | First Mortgage: | $ 132,999.00 |
| American Home Servicing, LLC | Second Mortgage: | $ 56,116.00 |

1

  * Please find "Schedule D of Debtors' Chapter 13 Petition attached hereto as Exhibit "B". As neither mortgage creditor as filed a proof of claim as of the filing of this Motion, and Debtors are required to prosecute the instant Motion prior to confirmation of their Chapter 13 plan, Debtors are relying upon both those balances and addresses reported to credit reporting agencies, as set forth on Debtors' Statements from the respective creditors and as previously recorded by said creditors with the Bankruptcy Court, where applicable, in support of this Motion.

  5. On the date the instant bankruptcy case was filed, no equity existed in the Subject Property above the claim of Home Servicing, LLC

  6. American Home Servicing, LLC's second mortgage claim was wholly unsecured on the petition date and if the Subject Property was sold at auction American Home Servicing, LLC would receive nothing by way of its second mortgage claim.

  7. Accordingly, Debtors request that this Court find that American Home Servicing, LLC's second mortgage claim is unsecured and should be reclassified as a general unsecured claim to receive pro rata distribution with other general unsecured creditors through the Debtors' Chapter 13 Plan.

## LEGAL ARGUMENT

  In *In re Zimmer*, 313 F3.3d 1220(9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2). Specifically the Court held: Section 506(a) divides creditors' claims into "secured . . . claims" and unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest as such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a "secured claim" to the extent that it

exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is a term of art and not every claim that is secured by a lien on property will be considered a "secured claim."

Here, it is clear that American Home Servicing, LLC's second mortgage claim for the repayment of its loan is an unsecured claim because its deed of trust is junior to the first deed of trust, and the value of the Subject Property.

Since American Home Servicing LLC's second mortgage claim is wholly unsecured (in that there is no equity above the first mortgage on the Subject Property), Debtors request this Court reclassify Home Servicing, LLC's second mortgage claim to a general unsecured claim to receive pro rata distribution with like unsecured creditors.

Further, Debtors request this Court strip Home Servicing, LLC of its secured rights under State Law since no maintainable security interest in the subject property exists as to Home Servicing, LLC's second mortgage claim.

Finally, Debtors are not required to file an adversary proceeding to achieve the requested relief herein. Debtors may bring a motion to "strip off" Home Servicing, LLC's consensual second mortgage lien by motion. See *In re Williams*, 166 B.R. 615(Bankr.E.D.Va.1994), In re Fuller, 255 B.R. 300 (Bankr.W.D.Mich.2000).

WHEREFORE, Debtors pray this Court:

1. "Strip off" and extinguish Home Servicing, LLC's wholly unsecured second mortgage lien pursuant to 11 U.S.C., Section 506(a);

2. Reclassify Home Servicing, LLC's second mortgage claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan; and

3. For such other relief the Court finds appropriate.

Dated: June 13, 2009

Respectfully Submitted:
/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtor

3

# EXHIBIT A

## Find My Home's Value

close window

# Home Value Estimate

**2308 PARIVA ST**
**LAS VEGAS, NV 89115-5449**
**County: CLARK**

The value of this property is estimated between $85,500 and $122,300. This estimate is based on public record data and other factors; the actual value of the property may vary. To find out how much you may qualify for based on the value of your home, contact a loan specialist today and they will help customize a loan to best fit your needs.

| Range of values   High: $122,300   Low: $85,500 ||
|---|---|
| Year Built: **1964**<br>Lot size (sf): **6,098**<br>Living Area: **1,280**<br>Stories: **1**<br>Total Rooms: **6** | Bedrooms: **4**<br>Bathrooms: **2**<br>Garage: **N/A**<br>Pool: **Yes**<br>A/C: **Yes** |

**Get Started**

Start Over

### Comparable Sales in Area

The following properties are recently reported sales found in the immediate vicinity of the subject property. These properties are believed to be full value transfers or represent an estimate of the sale.

**Sale 1 - 4516 EL TOVAR, LAS VEGAS, NV 89115-5426** (Radius: 0.19 mile)

| Sale Date | 12/18/2008 | Lot Size | 6,534 | Bedrooms | 4 |
|---|---|---|---|---|---|
| Sale Price | $85,000 | Living Area | 1,215 | Bathrooms | 2 |

**Sale 2 - 4515 EL TOVAR, LAS VEGAS, NV 89115-5460** (Radius: 0.18 mile)

| Sale Date | 09/03/2008 | Lot Size | 6,534 | Bedrooms | 4 |
|---|---|---|---|---|---|
| Sale Price | $105,000 | Living Area | 1,431 | Bathrooms | 2 |

**Sale 3 - 4448 PAYSON, LAS VEGAS, NV 89115-5458** (Radius: 0.10 mile)

| Sale Date | 08/27/2008 | Lot Size | 6,098 | Bedrooms | 3 |
|---|---|---|---|---|---|
| Sale Price | $90,000 | Living Area | 1,242 | Bathrooms | 2 |

**Disclaimer:** This property valuation is the product of automated valuation technology, public record data and human decisioning logic combined to provide a logical estimate of the possible selling price of a residential property. This valuation is not an appraisal. This valuation estimates property value assuming simple title ownership and the property condition as average for the neighborhood. This property valuation is intended for use only in conformance with state and federal laws. Property valuations are not suitable for complex properties. This valuation contains no representations or warranties regarding marketability, functional or economic obsolescence, environmental contamination or flood insurance determination. This valuation does not warrant the accuracy of any public record information or data sources used to prepare this valuation. This data may not be resold.

**THE VALUATIONS ARE PROVIDED "AS IS" AND FIRST AMERICAN RES MAKES NO REPRESENTATION OR WARRANTY WITH RESPECT TO THEIR ACCURACY, COMPLETENESS, OR CURRENTNESS. FIRST AMERICAN RES CORPORATION SPECIFICALLY DISCLAIMS ANY OTHER WARRANTY, EXPRESS, IMPLIED OR STATUTORY, INCLUDING ANY WARRANTY OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE OR NON-INFRINGEMENT. IN NO EVENT WILL FIRST AMERICAN RES BE LIABLE FOR THE RESULTS OF YOUR USE OR MISUSE OF THE VALUATIONS, INCLUDING ANY USE CONTRARY TO STATE AND FEDERAL LAW. YOUR INABILITY OR FAILURE TO CONDUCT YOUR BUSINESS; OR FOR ANY INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES.**

This property valuation tool is provided by First American RES, a California corporation. First American RES is not affiliated with Bank of America, NA or any of its affiliates. Bank of America makes no guarantees or warranties regarding this property valuation tool and is not responsible for accuracy of the data provided. Each lender, including Bank of

America, determines the value of a property using the data and valuation tools that the lender considers appropriate and may reach a different valuation than that provided by using this tool.

The market value, information, data, content and process to produce this report cannot be insured, warranted, underwritten without the express written consent of First American RES.

Copyright € 2009 First American Real Estate Solutions

*First American*™
*Real Estate Solutions* Technology

**Bank of America**

# EXHIBIT B

B6D (Official Form 6D) (12/07)

In re   Maria Irene Almanza-Olivares                                      ,           Case No.   09-17552
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>American Home Mtg Svci<br>4600 Regent Blvd Ste 200<br>Irving, TX 75063 | - | First Mortgage<br>PRIMARY PROPERTY<br>2308 Pariva Street<br>Las Vegas, NV 89115<br>FRONTIER NORTH<br>PLAT BOOK 8 PAGE 54<br>LOT 31 BLOCK 3<br>SEC 20 TWP 20 RNG 62 | | | | | | |
| | | Value $ | 115,000.00 | | | | 132,999.00 | 17,999.00 |
| Account No.<br><br>Bac Home Lns Lp/Ctrywd<br>450 American St<br>Simi Valley, CA 93065 | - | First Mortgage<br>INVESTMENT PROPERTY<br>3935 Rive Gauche Street<br>Las Vegas, NV 89115<br>NORTHPOINTE UNIT #1<br>PLAT BOOK 26 PAGE 57<br>LOT 55 BLOCK 3<br>SEC 08 TWP 20 RNG 62 | | | | | | |
| | | Value $ | 35,000.00 | | | | 135,200.00 | 100,200.00 |
| Account No.<br><br>Capital One Auto Finan<br>3901 Dallas Pkwy<br>Plano, TX 75093 | - | 2004 Toyota Tacoma 97,000 miles | | | | | | |
| | | Value $ | 2,975.00 | | | | 13,032.00 | 10,057.00 |
| Account No. 6930324972306<br><br>Homeq Servicing<br>Po Box 13716<br>Sacramento, CA 95853 | - | Opened 6/17/05 Last Active 12/01/08<br>Second Mortgage<br>PRIMARY PROPERTY<br>2308 Pariva Street<br>Las Vegas, NV 89115<br>FRONTIER NORTH<br>PLAT BOOK 8 PAGE 54<br>LOT 31 BLOCK 3 | | | | | | |
| | | Value $ | 115,000.00 | | | | 56,116.00 | 56,116.00 |
| 1  continuation sheets attached | | | | | Subtotal<br>(Total of this page) | | 337,347.00 | 184,372.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                           Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re  **Maria Irene Almanza-Olivares**   ,  Case No. __09-17552__
                                  Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H/W/J/C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>The Land Office<br>POB 1811<br>Dolan Springs, AZ 86441 | | - | INVESTMENT PROPERTY<br>Lot 31 Block R Section 7<br>Lake Mojave Vista Estates<br>Land Only<br><br>Value $   12,250.00 | | | | 18,500.00 | 6,250.00 |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |
| Account No. | | | Value $ | | | | | |

Sheet __1__ of __1__ continuation sheets attached to  
Schedule of Creditors Holding Secured Claims

Subtotal (Total of this page)   18,500.00   6,250.00

Total (Report on Summary of Schedules)   355,847.00   190,622.00

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    Best Case Bankruptcy